ANNIE NOONAN, Appellant, *v.* HENRY SONN & Co., INC.,
Respondent.

(Argued October 7, 1935; decided October 15, 1935.)

*Allen B. Flouton, Joseph C. Thomson* and *F. Jerome McNulty* for appellant. The evidence sustained the cause of action alleged in the complaint so as to create a question of fact for the jury. (*Bopp* v. *New York Electric Vehicle Transp. Co.,* 177 N. Y. 33; *Kirwan* v. *American Lithographic Co.,* 197 N. Y. 413; *Porges* v. *United States Mortgage & Trust Co.,* 203 N. Y. 181; *Bergman* v. *Scottish Union & Nat. Ins. Co.,* 264 N. Y. 205; *Jolliffe* v. *Miller,* 126 App. Div. 763; 196 N. Y. 504; *Stump* v. *Burns,* 219 N. Y. 306; *Morrison* v. *Metropolitan Tel. Co.,* 69 Hun, 100; *Schiemann* v. *Musical Mutual Protective Union,* 167 App. Div. 320; *Shearod* v. *Forty-first & Park Ave. Corp.,* 254 N. Y. 618; *Sciolaro* v. *Asch,* 198 N. Y. 77; *Pitman* v. *City of New York,* 141 App. Div. 670; *Dollard* v. *Roberts,* 130 N. Y. 269.)

*James B. M. McNally, Francis J. MacIntyre* and *John V. Downey* for respondent. The dismissal of the complaint was correct and should be affirmed. (*O'Toole* v. *Thousand Island Park Assn.,* 206 App. Div. 31; *Fox* v. *Village of Manchester,* 183 N. Y. 141; *Kelly* v. *City of New York,* 188 N. Y. Supp. 801; *Todd* v. *City of Troy,* 61 N. Y. 506; *Haefeli* v. *Woodrich Engineering Co.,* 255 N. Y. 442; *Kirby* v. *Newman,* 239 N. Y. 470; *Kaplan* v. *Lyons Building & Operating Co.,* 61 Misc. Rep. 315; *Green* v. *Urban Contracting & Heating Co.,* 106 App. Div. 460; *Sackheim* v. *Pigueron,* 215 N. Y. 62.)

*Per Curiam.* We think the issues were for the jury. Without the testimony of the night elevator man, the question of defendant's negligence was one of fact. In view of the short lapse of time between the moment when the elevator man says he left after putting out the elevatoi light and closing the doors, and the moment when plaintiff found an entirely different condition, his credibility was a question of fact.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH. JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.